# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Case No. _____

| | |
|---|---|
| AARON ZECKOSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ELSEVIER INC.; RELX INC.; RELX INC. EMPLOYEE BENEFITS COMMITTEE; and the SUPPLEMENTAL RELX INC. US SEVERANCE PLAN, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### PRELIMINARY STATEMENT[1]

Aaron Zeckoski ("Plaintiff") brings this ERISA action against Elsevier Inc. ("Elsevier"); RELX Inc. ("RELX"); the RELX Inc. Employee Benefits Committee ("Committee"); and the Supplemental RELX Inc. US Severance Plan (the "Plan") (1) to secure severance and other benefits to which Plaintiff is entitled under the Plan, which is administered by the Committee or RELX; (2) for other appropriate equitable relief on account of Elsevier's, RELX's, and the Committee's fiduciary breaches in misrepresenting Plan terms to Plaintiff, which caused his loss of Plan benefits; and (3) on account of Elsevier's termination of Plaintiff, which was intentionally done to interfere with Plaintiff's attainment of rights under the Plan. Plaintiff is covered under the Plan by virtue of his employment with Elsevier, an affiliate of RELX, the sponsor of the Plan.

---

[1]This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. At all times relevant to this action, Plaintiff was a citizen and resident of Mecklenburg County, North Carolina.

2. Elsevier is a foreign corporation registered to do business in North Carolina and is doing business in the state of North Carolina.

3. RELX is a foreign corporation registered to do business in North Carolina and is doing business in the state of North Carolina.

4. Committee is named as the plan administrator of the Plan in the Plan document and summary plan description and therefore is the Plan Administrator of the Plan within the meaning of ERISA §3(16), 29 U.S.C. §1002(16). In the alternative, RELX is the plan administrator for the Plan under ERISA because it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA §3(16), 29 U.S.C. §1002(16).

5. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, RELX sponsored and maintained the Plan.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that Plaintiff's claims arise under the laws of the United States. Specifically, Plaintiff brings this action under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) to secure benefits due; for other appropriate equitable relief, as allowed by ERISA §502(a)(3), 29 U.S.C. §1132(a)(3); and on account of acts of discharge and interference under ERISA §510, 29 U.S.C. §1140 and ERISA §502, 29 U.S.C. §1132.

7. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's employment and residence in this District, the denial of benefits in this District, and Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

8. At all times relevant to this Complaint, Plaintiff has been a participant in the Plan by virtue of his employment with Elsevier.

9. The Plan offers severance and other benefits to covered participants/eligible employees whose employment is involuntarily terminated for any reason other than for cause.

10. Under the terms of the Plan, the Committee administers the Plan and has authority to grant or deny benefits. To the extent the Committee is not a "person" within the meaning of ERISA that is permitted to be a plan administrator pursuant to ERISA §3(16), 29 U.S.C. §1002(16), RELX administers the Plan and has authority to grant or deny benefits.

11. The Committee and RELX have a fiduciary obligation to Plaintiff to administer the Plan fairly and to determine benefits according to the terms of the Plan.

12. Plaintiff began working for Elsevier on or about August 2014, as a Lead Architect, and on or about May 2015, he was promoted to Vice President, Software Engineering where he earned a salary in excess of $100,000.

13. Prior to his termination, Plaintiff was an Eligible Employee, as that term is used in the Plan. Under the terms of the Plan, Plaintiff would be entitled to severance benefits should he be involuntarily terminated from employment for a reason other than for cause.

14. On July 19, 2018, Elsevier involuntarily terminated Plaintiff's employment other than for "cause," as that term is defined in the Plan. Indeed, Elsevier did not provide any written reason for Plaintiff's termination.

15. Although Plaintiff was involuntarily terminated from employment for a reason other than for cause, Elsevier represented to Plaintiff that it would inform third parties that he resigned from his employment rather than stating that Plaintiff had been involuntarily terminated.

16. Plaintiff questioned whether Elsevier's representation to third parties that he resigned his employment would affect his entitlement to benefits under the Plan. Elsevier stated that it would not.

17. As a result of Elsevier's statements and promises that its representations to third parties would not affect Plaintiff's entitlement to benefits under the Plan, Plaintiff agreed that Elsevier could represent to others that Plaintiff resigned.

18. Plaintiff relied to his detriment on Elsevier's statements and promises that its representations to third parties would not affect Plaintiff's entitlement to benefits under the Plan.

19. Plaintiff's reliance on the statements of Elsevier regarding his entitlement to benefits under the Plan was reasonable because Elsevier had actual and apparent authority to disseminate information and provide employee assistance regarding the Plan benefits.

20. Elsevier has since used its misrepresentation that Plaintiff resigned his employment to deny Plaintiff severance benefits to which he is entitled under the Plan.

21. Plaintiff was at all times a Plan participant or beneficiary, as that term is defined in ERISA.

22. Elsevier was at all times an employer, as that term is defined in ERISA.

23. Plaintiff applied to the Committee for severance and other benefits and submitted information showing that he was entitled to benefits on account of his involuntary termination.

24. The Committee denied Plaintiff's claim for benefits on or about January 4, 2019.

-4-
Case 3:19-cv-00349-GCM-DCK   Document 1   Filed 07/19/19   Page 4 of 12

25. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the Committee's denial of benefits. He submitted additional information to show that he is entitled to severance benefits.

26. The Committee denied Plaintiff's appeal of his claim for severance benefits. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA §502, 29 U.S.C. §1132.

27. Defendants RELX, Committee, and the Plan have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. Elsevier involuntarily terminated Plaintiff's employment other than for "Cause" (as that term is defined in the Plan);

   b. Defendants RELX and Committee failed to accord proper weight to the evidence in the administrative record showing that Plaintiff was involuntarily terminated from employment other than for "Cause" (as that term is defined in the Plan); and

   c. Defendant Plan has violated its contractual obligation to furnish severance benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)

28. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-27 above.

29. Defendants RELX, Committee, and the Plan have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. Plaintiff has been wrongfully denied severance benefits;

b.      Defendants RELX and Committee failed to accord proper weight to the evidence in the administrative record; and

c.      Defendant Plan has violated its contractual obligation to furnish severance benefits to Plaintiff.

SECOND CLAIM FOR RELIEF:
OTHER APPROPRIATE EQUITABLE RELIEF UNDER
ERISA §502(a)(3), 29 U.S.C. §1132(a)(3)

30.     Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-29 above.

31.     Pursuant to Federal Rule of Civil Procedure 8, Plaintiff pleads this claim for relief in the alternative to his first claim for relief, to the extent such claims overlap.

32.     As plan administrator for the Plan, Defendants RELX and Committee are fiduciaries as defined in ERISA §3(21), 29 U.S.C. §1002(21), because RELX and Committee have discretionary authority or discretionary responsibility for the administration of the Plan.

33.     As plan administrator for the Plan, Defendants RELX and Committee are obligated to, and responsible for, disseminating information regarding the Plan and the benefits under the Plan to Plan participants.

34.     Defendant Elsevier is a fiduciary under ERISA because it disseminated information regarding the Plan terms and the benefits available under the Plan. More specifically, Defendant Elsevier told Plaintiff that the terms of the Plan would not prevent him from receiving benefits even if Elsevier represented to third parties that Plaintiff resigned his employment, versus the truth, which is that Elsevier involuntarily terminated Plaintiff's employment.

35.     Defendants RELX and Committee breached their fiduciary duties by failing to

monitor the distribution of information regarding Plan benefits by other persons and entities performing their duties as Plan Administrator to provide accurate and complete information to Plan participants, including Plaintiff. Specifically, Committee and RELX failed to monitor Elsevier in providing misrepresentations to Plaintiff regarding the Plan terms and the fact that Elsevier's statements to third parties would affect Plaintiff's entitlement to benefits under the Plan.

36. Elsevier, RELX, and Committee knew or should have known that Plaintiff believed that there was no impact on his benefits under the Plan as a result of Elsevier's statements.

37. Plaintiff reasonably relied on the information (or lack of information) provided to him by Elsevier, RELX, and Committee regarding the impact on Plaintiff's benefits of Elsevier's representations to third parties regarding Plaintiff's reasons for termination of employment from Elsevier, and such reliance was to his detriment, in that Plaintiff agreed that he would allow Elsevier's representations and Plaintiff has subsequently been denied benefits on account of those misrepresentations by Elsevier.

38. Plaintiff was prejudiced by the information (or lack of information) provided to him by RELX, Committee, and Elsevier regarding the Plan terms, in that Plaintiff agreed that he would allow Elsevier's representations and Plaintiff has subsequently been denied benefits on account of those misrepresentations by Elsevier.

39. Plaintiff has suffered harm by the conduct of Defendants Elsevier, RELX, and Committee as alleged herein.

40. Plaintiff is entitled to equitable relief:

    a. imposing an equitable lien on the Plan benefits that have been withheld

from Plaintiff as a result of Elsevier's misrepresentations;

   b. imposing a constructive trust on the Plan benefits that have been withheld from Plaintiff as a result of Elsevier's misrepresentations;

   c. enjoining Defendants RELX and Committee from reducing Plaintiff's severance benefits under the Plan on account of Elsevier's misrepresentations;

   d. imposing a surcharge upon Defendants RELX and Committee requiring that they pay to Plaintiff the money they withheld from him;

   e. equitably estopping Defendant RELX and Committee from denying Plaintiff his full benefits under the Plan;

   f. granting Plaintiff restitution for the amount of benefits that Defendants RELX and Committee have wrongfully withheld from Plaintiff as a result of Elsevier's misrepresentations;

   g. enjoining Elsevier from misrepresenting Plan terms to Plaintiff and other Plan participants;

   h. reforming the Plan to comply with the representations made by Elsevier to Plaintiff regarding the Plan and the benefits Plaintiff was to receive under the Plan, including that the Plan benefits would not be affected by Elsevier's misrepresentations to third parties regarding Plaintiff's termination of employment with Elsevier;

   i. ordering that Plaintiff is entitled to benefits under the Plan without diminution or reduction on account of the misrepresentations by Elsevier; and

   j. Other appropriate declaratory, injunctive, and equitable relief.

# THIRD CLAIM FOR RELIEF:
# DISCHARGE ON ACCOUNT OF INTERFERING WITH THE ATTAINMENT OF RIGHTS UNDER THE PLAN UNDER ERISA §510, 29 U.S.C. §1140 AND ERISA §502, 29 U.S.C. §1132

41. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-40 above.

42. Under §510 of ERISA, 29 U.S.C. §1140, an employer may not discharge a participant for the purpose of interfering with the attainment of any right to which such participant may become entitled under a plan.

43. Plaintiff was terminated in order to interfere with his rights under the Plan.

44. Elsevier's intentional misrepresentation to Plaintiff that a claimed "resignation" by Elsevier to third parties would not affect his entitlement to benefits under the Plan amounts to an act to interfere with Plaintiff's attainment of severance benefits under the Plan. Elsevier chose this method of termination in order to interfere with Plaintiff's rights under the Plan.

45. Elsevier's misrepresentations and denial of benefits as described herein amount to violations of ERISA §510, 29 U.S.C. §1140.

46. As a direct and proximate result of Elsevier's wrongful acts, Plaintiff has sustained harm in that Elsevier has used this method of termination—telling third parties that Plaintiff resigned from employment, when in fact he was involuntarily terminated other than for cause—in order to interfere with Plaintiff's entitlement to benefits under the Plan.

47. Pursuant to ERISA §502(a), 29 U.S.C. §1132(a), Plaintiff is entitled to declaratory and injunctive relief, finding that he is entitled to severance and other benefits under the terms of the Plan; that Defendants be ordered to pay severance benefits according to the terms of the Plan; and that Plaintiff be granted other appropriate declaratory, injunctive, and equitable relief.

## FOURTH CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA §502, 29 U.S.C. §1132

48. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-47 above.

49. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA §502(g), 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff prays that the Court grant him the following relief:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to severance and other benefits under the terms of the Plan, and that Defendants be ordered to pay severance benefits according to the terms of the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his involuntary termination;

3. Grant Plaintiff equitable relief:

    a. imposing an equitable lien on the Plan benefits that have been withheld from Plaintiff as a result of Elsevier's misrepresentations;

    b. imposing a constructive trust on the Plan benefits that have been withheld from Plaintiff as a result of Elsevier's misrepresentations;

    c. enjoining Defendants RELX and Committee from reducing Plaintiff's severance benefits under the Plan on account of Elsevier's misrepresentations;

    d. imposing a surcharge upon Defendants RELX and Committee requiring that they pay to Plaintiff the money they withheld from him;

    e. equitably estopping Defendant RELX and Committee from denying

Plaintiff his full benefits under the Plan;

  f. granting Plaintiff restitution for the amount of benefits that Defendants RELX and Committee have wrongfully withheld from Plaintiff as a result of Elsevier's misrepresentations;

  g. enjoining Elsevier from misrepresenting Plan terms to Plaintiff and other Plan participants;

  h. reforming the Plan to comply with the representations made by Elsevier to Plaintiff regarding the Plan and the benefits Plaintiff was to receive under the Plan, including that the Plan benefits would not be affected by Elsevier's misrepresentations to third parties regarding Plaintiff's termination of employment with Elsevier;

  i. ordering that Plaintiff is entitled to benefits under the Plan without diminution or reduction on account of the misrepresentations by Elsevier; and

  j. Other appropriate declaratory, injunctive, and equitable relief.

4. Pursuant to ERISA §510, 29 U.S.C. §1140 and ERISA §502(a), 29 U.S.C. §1132(a), grant Plaintiff declaratory and injunctive relief, finding that he is entitled to severance and other benefits under the terms of the Plan; that Defendants be ordered to pay severance benefits according to the terms of the Plan; and that Plaintiff be granted other appropriate declaratory, injunctive, and equitable relief;

5. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest;

6. Award Plaintiff all reasonable attorney's fees and expenses incurred herein pursuant to ERISA §502(g);

7. Award Plaintiff the costs of this action; and

8. Award Plaintiff such other and further relief as may be just and proper.

Dated this the 19th day of July 2019.

Respectfully Submitted,

*/s/ Bryan L. Tyson*
*/s/ Rachel C. Matesic*
Rachel C. Matesic (N.C. Bar. No. 50156)
Bryan L. Tyson (N.C. Bar. No. 32182)
Marcellino & Tyson, PLLC
2820 Selwyn Ave., Suite 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
rachel@yourncattorney.com
bryan@yourncattorney.com

**Attorneys for Plaintiff Aaron Zeckoski**