**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-349-GCM-DCK**

| | | |
|---|---|---|
| **AARON ZECKOSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **ELSEVIER INC., RELX INC.,** | ) | |
| **SUPPLEMENTAL RELX INC. US** | ) | |
| **SEVERANCE PLAN, RELX INC.** | ) | |
| **EMPLOYEE BENEFITS COMMITTEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss The

Complaint And In The Alternative For Summary Judgment" (Document No. 11). This motion has

been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for

disposition. Having carefully considered the motion and the record, the undersigned will

respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Aaron Zeckoski ("Plaintiff" or "Zeckoski") began working for Defendant Elsevier Inc.

("Elsevier") in or about August 2014, as a Lead Architect, and was promoted to Vice President,

Software Engineering, in or about May 2015. (Document No. 1, p. 3). Plaintiff was an "Eligible

Employee" under Defendant Supplemental RELX Inc. US Severance Plan (the "Plan"), "an

employee welfare benefit plan organized and subject to the Employment Retirement Income

Security Act ("ERISA"), 29 U.S.C. §§1001, *et seq.*, and was thus "entitled to severance benefits

should he be involuntarily terminated from employment for any reason other than for cause."

(Document No. 1, pp. 1-3).

Plaintiff contends that on July 19, 2018, he was involuntarily terminated without "cause" as that term is defined by the Plan. (Document No. 1, p. 3). Plaintiff contends that Elsevier did not provide any written reason for his termination. Id.

Although he was involuntarily terminated, "Elsevier represented to Plaintiff that it would inform third parties that he had resigned his employment rather than stating that Plaintiff had been involuntarily terminated." (Document No. 1, p. 4). Elsevier allegedly assured Plaintiff that the parties' representations that he had resigned "would not affect Plaintiff's entitlement to benefits under the Plan." Id. "Elsevier has since used its misrepresentation that Plaintiff resigned his employment to deny Plaintiff's severance benefits to which he is entitled under the Plan." Defendant RELX Inc. Employee Benefits Committee (the "Committee") denied Plaintiff's claim for benefits on or about January 4, 2019. Id.

Plaintiff initiated this action with the filing of the "Complaint" (Document No. 1) on July 19, 2019. The Complaint asserts causes of action against Elsevier, RELX Inc. ("RELX"), the Committee, and the Plan (together, "Defendants") for: (1) wrongful denial of benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B); (2) other appropriate equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3); (3) discharge on account of interfering with the attainment of rights under the Plan under ERISA §510, 29 U.S.C. §1140 and ERISA §502, 29 U.S.C. §1132; and (4) attorney's fees under ERISA §502, 29 U.S.C. §1132. (Document No. 1, pp. 5-10).

Following the filing of the Complaint, "Defendants' Motion To Dismiss The Complaint And In The Alternative For Summary Judgment" (Document No. 11) was filed on September 20, 2019. Defendants contend that this matter should be dismissed pursuant Fed.R.Civ.P. 12(b)(6). (Document Nos. 11 and 12). "Plaintiff's Response Opposing Defendants' Motion To Dismiss …"

(Document No. 16) was filed on October 18, 2019; and "Defendants' Reply Memorandum Of Law In Support…" (Document No. 17) was filed on November 1, 2019.

The pending motion is now ripe for review and a recommended disposition to the Honorable Graham Mullen.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

3

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." Bosiger v. U.S. Airways, Inc., 510 F.3d 442, 450 (4th Cir. 2007). However, pursuant to Federal Rule of Civil Procedure 12(d), a court may consider matters outside of the pleadings. If a court does rely on matters or documents outside of the complaint, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). A court's discretion to convert a motion to dismiss to a motion for summary judgment "should be exercised with great caution and attention to the parties' procedural rights." Barony v. Dep't of Pub. Safety & Corr. Servs., 2012 WL 3138875, at *3 (D.Md. July 30, 2012) (quoting 5C Wright & Miller, Federal Practice & Procedure §1366, at 159 (3d ed. 2004, 2011 Supp.).

### III. DISCUSSION

At the outset of the pending motion, Defendants assert that this "action is precluded for many reasons," first and foremost, because Plaintiff "had resigned from employment with Elsevier." (Document No. 12, p. 6). Defendants then assert "that even if Zeckoski had not resigned, Elsevier *would have* terminated him for Cause." Id. (emphasis added). Defendants note that Plaintiff's claims are all "predicated on the same arguments and seek the same relief – severance benefits under the Plan." (Document No. 12, p. 7). In doing so, Defendants seem to

4

acknowledge that most, if not all, of Plaintiff's claims are dependent on questions related to whether Plaintiff resigned, was terminated without cause, or was (or would have been) terminated for cause.

Contrary to Defendants' arguments, Plaintiff contends in his response that he "has pleaded all essential elements of his claims and should be permitted to move forward with discovery" and then re-asserts that he was involuntarily terminated without cause. (Document No. 16, pp. 1-2). Plaintiff further contends that Elsevier misled him about the impact of his termination on his entitlement to benefits under the Plan, and that the Committee later "failed to recognize the record evidence which demonstrates that Elsevier involuntarily terminated Plaintiff's employment without Cause." (Document No. 16, pp. 2-3). Plaintiff also argues that a full administrative record has not been filed and/or shared with him, and that he should be allowed to conduct discovery. (Document No. 16).

Both parties cite to matters and documents beyond the Complaint that seem to support their diverse views of the underlying facts. At this stage, the undersigned will respectfully decline to analyze those documents, and thus potentially treat the pending motion as a Rule 56 motion for summary judgment. The undersigned is persuaded that dismissal under Rule 12(b)(6) is not warranted, and that summary judgment would be premature.

Instead, the undersigned finds that the parties should at least conduct a Rule 26(f) conference, discuss what (if any) discovery should be conducted before further motions practice, and then present a scheduling proposal, jointly if possible, to the Court. This recommendation is without prejudice to Defendants re-asserting some, or all, of their arguments in a renewed motion for summary judgment. The undersigned recognizes that the end result *might* be that counsel are filing very similar briefs as those now pending in a relatively short period of time. Nevertheless,

5

applying the above standard of review, the undersigned is convinced that 12(b)(6) dismissal is not appropriate at this time, and that it is in the interests of justice and judicial economy for the parties and the Court to have the full record available before issuing a judgment in this case.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss The Complaint And In The Alternative For Summary Judgment" (Document No. 11) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that counsel for the parties be directed to immediately confer pursuant to Local Rule 16.1 and Fed.R.Civ.P. 26(f), discuss the possibility of settlement, and then file a Certificate of Initial Attorney's Conference.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" <u>Martin v. Duffy</u>, 858 F.3d 239, 245 (4th Cir. 2017) (quoting <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: October 8, 2020

David C. Keesler
United States Magistrate Judge